IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR JAMES LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>MAYFIELD DAIRY FARMS, LLC, *et al.*,<br><br>Defendants. | ) | CIV. NO. 2:26-cv-00641-RAH |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arthur James Lewis was injured at work in April 2025 and sued Defendants Mayfield Dairy Farms, LLC[1] and Hogan Dedicated Services, LLC, along with several unnamed fictitious Defendants, in the Circuit Court of Montgomery County, Alabama. Mayfield removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. Lewis moved to remand on the basis that Mayfield has failed to demonstrate that the amount in controversy exceeds $75,000. Having reviewed the parties' submissions, and mindful of its independent obligation to police the boundaries of its own jurisdiction, the Court concludes that Mayfield has not carried its burden. This action is therefore due to be remanded to the Circuit Court of Montgomery County, Alabama.

**BACKGROUND**

According to the Complaint, on April 14, 2025, Lewis was working at a Dollar General warehouse in Montgomery, Alabama. (Doc. 1-3 at 5.) Also present at the warehouse was a Mayfield truck, driven by an employee of Hogan. (*Id.* at 4–6.) The

[1] Mayfield asserts its proper name is DFA Dairy Brands Fluid, LLC d/b/a Mayfield Dairy Farms. (Doc. 1 at 1.)

cargo in the Mayfield truck allegedly shifted or fell as a result of Defendants' negligence and injured Lewis. (*Id.* at 6.)

Lewis initially filed suit in the Circuit Court of Montgomery County, Alabama, on July 10, 2026. (Doc. 1-3.) His Complaint brought three negligence claims and sought compensatory damages only. (*Id.* at 6.) The Complaint did not allege a specific sum of damages, seek specific categories of compensatory damages (e.g., emotional distress, medical expenses), or describe the nature, extent, or severity of Lewis' injuries. (*See generally* Doc. 1-3.) Instead, the Prayer for Relief merely demanded "such damages as allowed by law in such amount as determined by the jury based on the evidence presented at trial." (*Id.* at 7.)

Mayfield was served on July 13, 2026, and removed this action on August 10, 2026. (Doc. 1; Doc. 1-2.) The notice of removal asserted complete diversity of citizenship as to the named parties: Lewis is an Alabama citizen; Mayfield is a limited liability company whose ultimate, sole member is Dairy Farmers of America, Inc., a corporation incorporated in Kansas with its principal place of business in Kansas; and Hogan is a limited liability company whose ultimate, sole member is the Crawford Group, Inc., a corporation registered in Missouri with its principal place of business in Missouri.[2] (Doc. 1 at 5–7.) On the amount in controversy, Mayfield asserted that "it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000" because of the nature of Lewis' allegations and assertion of multiple claims against several defendants. (Doc. 1 at 10–11.)

On August 18, 2026, Lewis filed a *Motion to Remand*. (Doc. 11.) Mayfield filed a *Response* (doc. 14), to which Lewis replied (doc. 16).

---

[2] For purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (collecting cases).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a corresponding "presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Because removal implicates significant federalism concerns, the removal statutes are strictly construed, and any doubt is resolved in favor of remand. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006); *Univ. of S. Ala.*, 168 F.3d at 411.

Removal jurisdiction is proper if the action is one over which the federal courts would have original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over actions arising under federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires (1) complete diversity of citizenship and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. *Id.* § 1332(a). The removing defendant bears the burden of establishing that these requirements are satisfied. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where, as here, the plaintiff has not pleaded a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional threshold. *Id.*; 28 U.S.C. § 1446(c)(2)(B); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

In assessing whether that burden is met, a court may consider the notice of removal and any evidence the parties submit, and it may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)

(quotation marks omitted). A court "need not suspend reality or shelve common sense in determining whether the face of a complaint" establishes the jurisdictional amount. *Id.* at 1062 (quotation marks omitted). But the removing party's burden is an evidentiary one, and the Court may not engage in "impermissible speculation" to bridge gaps in the record. *Pretka*, 608 F.3d at 752, 754. Where a complaint supplies no facts from which the value of the claim can be measured, such that the amount in controversy could "be divined [only] by looking at the stars," remand is proper. *Id.* at 753–54 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007)).

**DISCUSSION**

The record establishes that complete diversity of citizenship exists. Lewis is an Alabama citizen, Mayfield is a Kansas citizen, and Hogan is a Missouri citizen. The citizenship of the fictitious defendants is disregarded. 28 U.S.C. § 1441(b)(1). Diversity is therefore not an obstacle to jurisdiction. The sole subject of the parties' dispute over remand is the amount in controversy.

Because the Complaint demands unspecified compensatory damages, Mayfield bears the burden of proving by a preponderance of the evidence that more than $75,000 is in controversy. *Williams*, 269 F.3d at 1319. Mayfield has failed to do so.

Mayfield urges the Court to use common sense to deduce from the Complaint that the jurisdictional minimum has been met. It claims that the nature of the alleged accident—the shifting of cargo in a commercial vehicle—demonstrates that the damages at issue exceed $75,000. Mayfield highlights that Lewis has brought multiple claims and theories of negligence against two separate corporate defendants and that Lewis has not stipulated that his damages are below the jurisdictional minimum.

Unlike those cases where courts applied common sense to find the amount-in-controversy requirement met, here, the Court lacks any information to which its judicial experience might be applied. *Cf., e.g., McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) (explaining that the complaint sufficiently pleaded damages exceeding the jurisdictional minimum where plaintiff alleged bodily injury caused by Hurricane Harvey, mental and emotional anguish, disability, impairment, disfigurement, and medical expenses); *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (noting that complaints alleging serious physical injury are typically removable because it is facially apparent they are worth more than $75,000). A removing defendant must come forward with facts supporting its valuation of the claim. A "conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319. Mayfield has offered no medical records, bills, lost-wage documentation, settlement demands, or any other information related to the injuries, damages, or valuation of this case. The Complaint itself identifies only shifting cargo as the alleged mechanism of injury, but the Complaint is completely silent as to what the cargo was, how it fell on or injured Lewis, and what injuries or types of injuries occurred. The Court may draw reasonable inferences from the allegations, *Roe*, 613 F.3d at 1061–62, but it cannot infer that generically pleaded injuries exceed $75,000 without knowing anything of their nature, severity, or associated cost. To supply that figure on this record would be to divine the amount in controversy "by looking at the stars." *Pretka*, 608 F.3d at 753–54 (quotation marks omitted). Reasonable inferences require a floor of facts. Here, there are none from which a $75,000 valuation reasonably follows.

Mayfield's aggregation argument is similarly unavailing. Although the Court may aggregate the Complaint's different theories of liability and claims against

Defendants because Lewis seeks to hold them jointly and severally liable, the lack of information makes it impossible to determine the amount of damages to be aggregated. *See Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) (explaining that joint liability is an exception to the general rule against aggregation of claims against multiple defendants).[3]

Furthermore, Lewis' failure or refusal to stipulate that his damages are below $75,000 may be probative alongside other indications of the amount in controversy, but "a refusal to stipulate standing alone does not satisfy [a removing defendant's] burden of proof on the jurisdictional issue." *Williams*, 269 F.3d at 1320. Given that the record is devoid of facts regarding the injury and damages, and that Mayfield has failed to provide more information regarding the amount in controversy, Mayfield has failed to satisfy its burden. *See Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1367 n.1 (S.D. Ala. 2018) (collecting cases for the proposition that a refusal to stipulate is alone insufficient to carry a removing defendant's burden).

Because Mayfield has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000, the requirements of 28 U.S.C. § 1332(a) are not met, and this Court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1. Plaintiff's *Motion to Remand* (doc. 11) is **GRANTED**;
2. This action is **REMANDED** to the Circuit Court of Montgomery County, Alabama, for lack of subject-matter jurisdiction; and
3. The Clerk of Court is **DIRECTED** to take the steps necessary to effectuate the remand and to **CLOSE** this case.

---

[3] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

**DONE** and **ORDERED** on this the 22nd day of September 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE